IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re JEFFERY MARK PEDERSEN,

                                      ORDER

                                    09-cv-693-bbc

             Debtor-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Debtor Jeffery Mark Pedersen is appealing pro se from decisions of the bankruptcy court in case no. 07-13169-tsu (W.D. Wis.), in which Pedersen says the court "den[ied] discharge of 'Marinette Circuit Court Civil Filing Fees.'"  Dkt. #12.  This was error, Pedersen says, because court fees are dischargeable "unless they are . . . criminally based," citing 11 U.S.C. § 523(a) (7) & (17) and South Bend Community School Corp. v. Eggleston, 215 B.R. 1012 (N.D. Ind. 1997).

      In an order dated April 6, 2010, dkt. #37, I noted that Pedersen missed the deadline under Bankruptcy Rule 8002 for filing an appeal by more than three months and I directed him to show cause why the case should not be dismissed.  In re Bond, 254 F.3d 669, 673 (7th Cir. 2001) (deadline for filing bankruptcy appeal is jurisdictional); Kingsley Capital, Inc., 423 B.R. 344, 351 (10th Cir. B.A. P 2010) (despite recent cases holding that deadlines in rules are not jurisdictional, deadline for filing bankruptcy appeal is jurisdictional because,

1

under 28 U.S.C. § 158(c)(2), bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally" and Supreme Court held in Bowles v. Russell, 551 U.S. 205, 214 (2007), that deadline for civil appeals is jurisdictional).

In his response, Pedersen does not challenge the validity of the holding in Bond that the deadline is jurisdictional. Instead, he says that the court should "waive the lateness issue" because he did not have sufficient funds to file a notice of appeal. That argument is a nonstarter because Pedersen did not need to pay a filing fee the same time he filed his notice. Presumably, Pedersen was aware of this fact because the notice of appeal he filed was not accompanied by the filing fee or an initial partial payment. Further, if Pedersen believed he needed more time to file an appeal, he should have sought an extension of time instead of waiting four months. Accordingly, I conclude that Pedersen's appeal must be dismissed for lack of jurisdiction.

However, even if Pedersen's appeal were timely, it would make no difference. To begin with, the bankruptcy court never decided whether Pedersen's debt to the county court was nondischargeable under 11 U.S.C. § 523. After Pedersen filed a motion in which he requested a determination that the filing fees for the Circuit Court for Marinette County had been discharged, the bankruptcy court explained to Pedersen that an adversary proceeding would have to be held to make that determination. Aug. 18, 2009 Order, bkr. ct. dkt #53. The burden fell on Pedersen to initiate an adversary proceeding because, under § 523(a)(17),

2

the general rule is that the debtor may not discharge "a fee imposed on a prisoner by any court for the filing of a case." The court cited In re Edwards, 50 B.R. 933, 938 (Bkrtcy. N.Y. 1985), for the proposition that discharge exceptions such as § 523(a)(17) "do not require affirmative creditor action and are automatic." Three months later, Pedersen filed a letter with the bankruptcy court that the court construed as a request for an adversary proceeding with respect to the Marinette County court fees, but the bankruptcy court dismissed the proceeding after Pedersen stated that he did not want to file an adversary proceeding. Dec. 18, 2009 Order, bkr. ct. dkt. #60.

Pedersen does not develop an argument that the bankruptcy court was wrong in concluding that the burden was on him rather than Marinette County to initiate an adversary proceeding. Thus, Pedersen has waived the issue in this court by failing to raise it properly before the bankruptcy court.

Pedersen's position on the merits does not seem to be any stronger. In the case he cites, South Bend Community School, 215 B.R. at 1016, the court concluded that attorney fees and costs do not fall within in the meaning of a "fine" or "penalty" under § 523(a)(7), and that § 523(a)(17) is limited to prisoners. The court did not hold, as Pedersen argues, that either provision is limited to "criminal" fees. Because Pedersen does not suggest that he was a nonprisoner when he incurred filing fees from the Circuit Court for Marinette County, Pedersen's argument that § 523(a)(17) does not apply to him is unconvincing.

3

ORDER

IT IS ORDERED that this Jeffery Pedersen's bankruptcy appeal is DISMISSED for lack of jurisdiction.

Entered this 28th day of May, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge